IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| MARIA SALAZAR, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | Civil Action No. **3:11-CV-1309-L** |
| | § | |
| BAC HOME LOANS SERVICING, LP | § | |
| F/K/A COUNTRYWIDE HOME LOANS | § | |
| SERVICING LP, | § | |
| | § | |
| Defendant. | § | |

## MEMORANDUM OPINION AND ORDER

Before the court is Defendant's Motion for Summary Judgment, filed September 27, 2011. After careful review of the motion, briefs, record, and applicable law, the court **grants** Defendant's Motion for Summary Judgment (Doc. 11), and **dismisses** this action **with prejudice**.

**I.  Background**

Plaintiff Maria Salazar ("Salazar") originally filed this action on February 6, 2011, in the 192nd Judicial District, Dallas County, Texas, asserting claims against Defendant BAC Home Loans Servicing, LP f/k/a Countrywide Home Loans Servicing LP ("Defendant" or "BAC") for common law fraud and statutory fraud under section 27.01(a) of the Texas Business and Commerce Code. In addition, Salazar requested a declaratory judgment for which she sought the following declarations by the court: (1) BAC must produce the Original Promissory Note ("Note") before collecting on and enforcing the Note; (2) BAC has acted unconscionably; (3) BAC's conduct constitutes fraud, negligence and intentional misrepresentation. Salazar also seeks a temporary restraining order and

permanent injunction, prohibiting Defendant from selling, transferring, or conveying her real property in Dallas, Texas. The case was removed to this court on June 15, 2011, based on federal question and diversity jurisdiction.

Salazar's claims stem from a home mortgage loan she received from Countrywide Bank, FSB ("Countrywide Bank") on March 11, 2008, and the subsequent attempts by BAC to foreclose on the property before Salazar completed and submitted a loan modification application in April 2011. Salazar disputes whether BAC is the holder of the Note and Deed of Trust, and contends that BAC has failed to produce such documents so that she can verify its status as note holder. Salazar further contends that BAC induced her to apply for a loan modification, and after spending a substantial amount of money complying with all of BAC's requests for information, BAC failed to process her application or notify her of its decision.

According to Salazar, BAC employees assured her that a decision would be forthcoming and that she need not worry about losing her home through foreclosure. Salazar maintains that BAC told her that it was required under federal law to accept her loan modification application, and it was unnecessary for her to make payments on the mortgage until after the loan modification was approved. Salazar asserts that the loan modification was supposed to resolve her prior delinquencies on the Note.

Salazar contends that she relied on BAC's statements in this regard and did not make payments on the mortgage. Salazar additionally contends that the statements by BAC were made in bad faith to capture the equity she had on her home. Salazar requested BAC to delay the sale of the property until verification of the debt was provided and BAC's status of note holder was

demonstrated. Salazar contends that BAC to this date has never provided the Original Note and Deed of Trust.

## II.     Motion for Summary Judgment Standard

Summary judgment shall be granted when the record shows that there is no genuine dispute as to any material fact and that the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a); *Celotex Corp. v. Catrett*, 477 U.S. 317, 323-25 (1986); *Ragas v. Tennessee Gas Pipeline Co.*, 136 F.3d 455, 458 (5th Cir. 1998). A dispute regarding a material fact is "genuine" if the evidence is such that a reasonable jury could return a verdict in favor of the nonmoving party. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). When ruling on a motion for summary judgment, the court is required to view all facts and inferences in the light most favorable to the nonmoving party and resolve all disputed facts in favor of the nonmoving party. *Boudreaux v. Swift Transp. Co., Inc.*, 402 F.3d 536, 540 (5th Cir. 2005). Further, a court "may not make credibility determinations or weigh the evidence" in ruling on a motion for summary judgment. *Reeves v. Sanderson Plumbing Prods., Inc.*, 530 U.S. 133, 150 (2000); *Anderson*, 477 U.S. at 254-55.

Once the moving party has made an initial showing that there is no evidence to support the nonmoving party's case, the party opposing the motion must come forward with competent summary judgment evidence of the existence of a genuine dispute of material fact. *Matsushita Elec. Indus. Co. v. Zenith Radio*, 475 U.S. 574, 586 (1986). "[When] the record taken as a whole could not lead a rational trier of fact to find for the nonmoving party, there is no 'genuine [dispute] for trial.'" *Id.* (citation omitted). Mere conclusory allegations are not competent summary judgment evidence, and thus are insufficient to defeat a motion for summary judgment. *Eason v. Thaler*, 73 F.3d 1322, 1325 (5th Cir. 1996). Unsubstantiated assertions, improbable inferences, and unsupported speculation are

not competent summary judgment evidence. *See Forsyth v. Barr*, 19 F.3d 1527, 1533 (5th Cir.), *cert. denied*, 513 U.S. 871 (1994). The party opposing summary judgment is required to identify specific evidence in the record and to articulate the precise manner in which that evidence supports his claim. *Ragas*, 136 F.3d at 458. Rule 56 does not impose a duty on the court to "sift through the record in search of evidence" to support the nonmovant's opposition to the motion for summary judgment. *Id.*; *see also Skotak v. Tenneco Resins, Inc.*, 953 F.2d 909, 915-16 & n.7 (5th Cir.), *cert. denied*, 506 U.S. 832 (1992). "Only disputes over facts that might affect the outcome of the suit under the governing laws will properly preclude the entry of summary judgment." *Anderson*, 477 U.S. at 248. Disputed fact issues that are "irrelevant and unnecessary" will not be considered by a court in ruling on a summary judgment motion. *Id.* If the nonmoving party fails to make a showing sufficient to establish the existence of an element essential to its case and on which it will bear the burden of proof at trial, summary judgment must be granted. *Celotex*, 477 U.S. at 322-23.

**III.    Analysis**

BAC sets forth a number of reasons in its motion why it is entitled to summary judgment on all of Salazar's claims. BAC contends it was entitled to enforce the Note and that Salazar's fraud claims fail as a matter of law because: (1) they are barred by the economic loss doctrine; (2) they are barred by the statute of frauds; (3) Salazar cannot rely on the Home Affordable Modification Program or "HAMP"; and (4) Salazar has not sustained any damages. BAC further contends that Salazar is not a consumer under the DTPA, and she is not entitled to declaratory or injunctive relief. The court addresses each contention as necessary below, together with BAC's evidence and Salazar's contentions. Salazar did not submit any evidence in support of her response to BAC's motion.

Because BAC's argument regarding the applicability of the statute of frauds is dispositive of Salazar's fraud claims, the court addresses it first in its analysis.

### A.     Applicability of Statute of Frauds to Salazar's Fraud Claims

BAC contends that the statute of frauds bars Salazar's fraud claims. Salazar counters that because the statute of frauds is a defense at law, it does not apply to her "equitable relief for wrongful acts arising from the formation of a new contract." Pl.'s Resp. 6. She further contends that "[w]ere the Court to apply the defendant's Statute of Fraud logic toward the formation of a contract and the attendant equitable relief sought, the Court would effectively bar all future Common Law Fraud claims." *Id.* The court disagrees.

The Texas Business and Commerce Code has codified the statute of frauds as it applies to real estate transactions. Tex. Bus. & Com. Code Ann. § 26.01(b)(4) (West 2009). Under section 26.01(b)(4), an agreement for the sale of real property must be in writing in order to be enforceable. *Id*. Texas courts have applied this provision to loan modifications to hold that an agreement that contemplates the modification and/or extension of a lien or mortgage must be in writing. *West v. First Baptist Church*, 71 S.W.2d 1090, 1100 (Tex. 1934); *Edward Scharf Assocs., Inc. v. Skiba*, 538 S.W.2d 501, 502 (Tex. App.— Waco 1979, no writ); *see also Ellen v. F.H. Partners, LLC*, No. 03-09-00310-CV, 2010 WL 4909973, at *5 (Tex. App.—Austin, 2010, no writ) (concluding that plaintiffs' claim, based on oral modification to a loan agreement and allegations that defendant told them it would not foreclose on the home until a later date, was barred by the statute of frauds). The court therefore determines that the statute of frauds applies to the loan modification at issue and BAC's alleged misrepresentations with regard to the loan.

That Salazar couches her claim as a cause of action for fraud does not shield it from the statute of frauds. "When a plaintiff, in [her] claim asserting fraud, attempts to rely upon an allegedly fraudulent oral promise to enforce [a] contract, the Statute of Frauds is a defense to [her] fraud claim." *Leach v. Conoco, Inc.*, 892 S.W.2d 954, 960 (Tex. App.—Houston [1st Dist.] 1995, writ dism'd w.o.j.) (citations omitted). To determine whether a plaintiff is attempting to use a fraud claim to circumvent the statute of frauds, Texas courts examine the nature of the injury alleged. *See Jim Walter Homes, Inc., v. Reed*, 711 S.W.2d 617, 618 (Tex. 1986). "When the injury is only the economic loss to the subject of the contract itself, the action sounds in contract alone. *Id.* "In other words, a plaintiff's fraud cause of action is barred by the Statute of Frauds when [s]he seeks to obtain the benefit of the bargain that [s]he would have obtained had the promise been performed." *Leach*, 892 S.W.2d at 960.

Had Salazar's loan modification been processed and approved, she would have avoided foreclosure and been able to remain in her home. Salazar contends that BAC should have processed and approved her loan modification application as verbally promised, rather than proceeding to foreclose. Thus, Salazar in essence seeks to obtain the benefit of the bargain that she would have obtained if the loan modification was processed and approved. This conclusion is further supported by her Original Petition in which she requests that BAC and its agents be permanently enjoined from selling the property at issue. Pl.'s Orig. Pet. 10, ¶ 36. Salazar's common law fraud claim and her statutory fraud claim under section 27.01(a) of the Texas Business and Commerce Code are therefore subject to and barred by the statute of frauds. Accordingly, the court concludes that no genuine dispute of material fact exists as to Salazar's fraud claims, and BAC is entitled to judgment as a mater of law on these claims.

**Memorandum Opinion and Order – Page 6**

### B. Salazar's Request for Declaratory Relief

The court's determination regarding the applicability of the statute of frauds to Salazar's fraud claim is likewise applicable to her request for declaratory judgment since it is based on the same factual allegations. Thus, the only remaining issue is whether BAC was required to produce the Original Note and Deed of Trust.

BAC contends that the attempted foreclosure on the Note and property at issue was lawful, because Bank of America is the successor-in-interest to Countrywide Bank and BAC, and mortgage servicers in Texas have authority to foreclose on property. BAC further contends that Texas property and foreclosure law does not require production of the original note and deed of trust. It is not entirely clear, but it appears from Salazar's response that she disputes Countrywide Bank's and Bank of America's status as the note holder and whether these entities had authority (as note holder) to appoint BAC as mortgage servicer. Salazar therefore contends that regardless of the authority generally given to mortgage servicers in Texas with regard to foreclosure, BAC has not established that it was the duly appointed mortgage servicer of the Note and property at issue.

BAC is correct that Texas law does not require a mortgagee or mortgage servicer to produce the original note or deed of trust before conducting a nonjudicial foreclosure sale. *See Broyles v. Chase Home Fin.*, No. 3:10-CV-2256-G, 2011 WL 1428904, at *3 (N.D. Tex. Apr. 13, 2011); *Sawyer v. Mortgage Elec. Registration Sys., Inc.*, No. 3:09-CV-2303-K (BD), 2010 WL 996768, at *3 (N.D. Tex. Feb. 1, 2010), *adopted by* 2010 WL 996917 (N.D. Tex. 2010) (Kinkeade, J.). The evidence submitted by BAC establishes that Salazar's Note was originally entered into with Countrywide Bank. There is also evidence that Bank of America, N.A. is the successor by merger to Countrywide Bank and BAC. As the successor in interest to Countrywide Bank, Bank of America

is the holder of the Note and Deed of Trust for the property at issue and was entitled to foreclose on the Note and property after Salazar defaulted on the loan. *See Sauza v. Home Savings*, No. 01-88-00664-CV, 1989 WL 105411, at *1 (Tex. App.—Houston [1st Dist.] 1989, no writ).

Moreover, by contending that BAC's statements regarding her loan modification application and original loan with Countrywide are binding, Salazar necessarily acknowledges that BAC had authority to act on behalf of the holder of her Note. Indeed, correspondence from BAC to Salazar in May 2011, regarding the loan modification at issue, is signed by "Home Loan Team BAC Home Loans Servicing, LP" and next to BAC's signature is "Bank of America." During a hearing conducted by the court on March 21, 2012, Salazar also acknowledged and confirmed that BAC was in fact the mortgage servicer for her loan when foreclosure proceedings were initiated. The court therefore concludes that BAC as the mortgage servicer had authority to act on behalf of note holder Bank of America in attempting to foreclose on the Note and property,* and Salazar cannot use this as a shield against BAC's motion even though BAC did not submit evidence regarding its appointment as mortgage servicer for the Note and Deed of Trust. Accordingly, the court determines that no dispute of material fact exists, and BAC is entitled to judgment as matter of law as to Salazar's request for declaratory judgment and her claims that are based on her contention that

---

*The Texas Property Code provides that "a mortgage servicer may administer the foreclosure of property." Tex. Prop. Code Ann. § 51.0025 (West 2007). A mortgage servicer is "the last person to whom a mortgagor has been instructed by the current mortgagee to send payments for the debt secured by a security instrument." *Id.* § 51.0001(3). A mortgage servicer is not necessarily the holder of the original note. *See id.* ¶ 51.0001(3)-(4) (defining a mortgagee as, among other things, "holder of a security instrument," and stating that a "mortgagee may be the mortgage servicer"). The Property Code, therefore, contemplates that someone other than the holder of the original note may lawfully foreclose on the security interest. *See Athey v. Mortgage Elect. Registration Sys., Inc.*, 314 S.W.3d 161, 166 (Tex. App.—Eastland 2010, pet. denied); *Sawyer*, 2010 WL 996768, at *3.

Original Note and Deed of Trust were not produced or that BAC did not have authority to act as the mortgage servicer or an agent of the note holder.

### C.     Texas Deceptive Trade Practices Act ("DTPA")

BAC contends that Salazar is not a consumer under the DTPA; however, Salazar's pleadings contain no such claim, and the court concludes that her pleadings cannot be construed to assert such a claim. Salazar essentially concedes that she is not asserting a DTPA by not addressing the issue in her response. Even if Salazar's pleadings could be construed to assert a DTPA claim, the court concludes that she waived the claim by failing to address it in her response. Accordingly, any issue with regard to a DTPA claim by Salazar is moot, and the court need not address BAC's contentions regarding her status as a consumer. Similarly, the court's determination that Salazar's fraud claims and request for declaratory judgment fail as a matter of law moots the parties' remaining contentions.

## IV.    Conclusion

For the reasons stated herein, the court **concludes** that no genuine dispute of material fact exists to any claims asserted by Salazar. Accordingly, the court **grants** Defendant's Motion for Summary Judgment, and **dismisses** this action **with prejudice**. The court will issue a judgment by separate document pursuant to Rule 58 of the Federal Rules of Civil Procedure.

**It is so ordered** this 23rd day of March, 2012.

*Sam A. Lindsay*
Sam A. Lindsay
United States District Judge